<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JUAN RAMON FERNANDEZ,

                Petitioner,

                v.

WARDEN, FCI FT. DIX,

                Respondent.

Civil Action No. 24-9014 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

      This matter comes before the Court on the habeas petition filed by Petitioner Vladimir Rivas-Rivas pursuant to 28 U.S.C. § 2241. (ECF No. 1). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice.

I.     <u>**BACKGROUND**</u>

      Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 2.) Although Petitioner had previously been permitted to earn credits under the First Step Act, the BOP deprived him of the ability to apply those credits once he received a final order of removal in his immigration proceedings. (*Id.* at 7; ECF No. 1-2 at 4-9.) Petitioner now argues this was improper because he believes he had a vested interest in those credits, and therefore

cannot be deprived of them without Due Process.  (*Id.*)  Petitioner did not exhaust his administrative remedies before filing this matter as he believes that it would take too long to do so and that he will likely be unsuccessful if he does so.  (ECF No. 1-2 at 1-4.)

## II.   <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.   <u>DISCUSSION</u>

In his current petition, Petitioner argues that the BOP improperly denied him of a "vested" interest in credits he earned under the First Step Act upon his receipt of a final order of removal. While Petitioner believes that he had a vested interest in his credits under the First Step Act, he is mistaken.  While the Act provides inmates who engage in recidivism reduction training an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of

a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits or applying any previously earned credits towards early supervised release. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023). First Step Act credits are thus contingent in nature based on the clear statutory language – if an alien receives a final order of removal he may not apply any credits earned under the act towards early release. Petitioner, having received such an order, is ineligible to apply any credits he believes he has earned, and he has not been deprived of any "vested" liberty interest – his interest was always dependent on not having a removal order, and it is the clear language of the statute, and not the BOP, which has deprived him of the ability to apply his credits. As such, Petitioner's contention that he has been improperly deprived of the credits granted by the act is without merit and must be dismissed as such.

Even were Petitioner's claim meritorious, this Court would still be barred from granting him relief as Petitioner did not fully exhaust his claims prior to filing this habeas matter. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Petitioner's speculation that he would not receive relief or that it would take too long

to exhaust his claims does not make the exhaustion process futile – the process would still serve the valid purpose of producing a record for review and in any event would have permitted Petitioner to dispute any factual issues he may have had. Likewise, although Petitioner also states that he could not get the forms for exhaustion, he provides no details for this assertion sufficient to show that any attempt to exhaust would be futile. As such, Petitioner's habeas petition must also be dismissed without prejudice for failure to exhaust administrative remedies before filing this matter.

IV.    **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. An order consistent with this Opinion will be entered.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge

4